No. 12508

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

THE STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

RAYMOND JOHN BALLEW,

Defendant and Appellant.

---

Appeal from: District Court of the Eighteenth Judicial District,
Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

For Appellant:

James Goetz argued, Bozeman, Montana

For Respondent:

Hon. Robert L. Woodahl, Attorney General, Helena,
Montana
Thomas J. Beers, Assistant Attorney General, argued,
Helena, Montana
Thomas A. Olson, County Attorney, Bozeman, Montana

---

Submitted: September 27, 1973

Decided: NOV 26 1973

Filed: NOV 26 1973

*Thomas J. Kearney*
Clerk

Hon. Alfred B. Coate, District Judge, sitting for Justice John Conway Harrison, delivered the Opinion of the Court.

Appellant, Raymond John Ballew, appeals from a conviction of possession of dangerous drugs in violation of section 54-133, R.C.M. 1947, and denial of his motion to suppress evidence. Trial was held in the district court of Gallatin County without a jury. Appellant does not allege error concerning his trial and, therefore, we will only consider the ruling on the motion to suppress evidence.

Appellant was arrested in his cabin near West Yellowstone, Montana on July 22, 1972. The basis of the arrest was evidence of marijuana found in appellant's bedroom during a search made pursuant to a search warrant issued on July 21, 1972, by Justice of the Peace Alexander Schmall in Bozeman, Montana.

The application for search warrant read:

"Doug Taylor, Bozeman Police Department, being first duly sworn, states as follows:

"1. That he is a police officer assigned the the City-County Crime Team, whose area of responsibility is Gallatin County, Montana. That included in the duties of said Crime Team is the investigation of illicit drug traffic.

"2. That a confidential informant has been working with said Crime team and has provided information concerning the illicit trafficking of drugs.

"3. That said informant, during the month of July, went to two cabins, located near the Duck Creek 'Y', near West Yellowstone, Montana, occupied by persons unknown. That these two cabins are more particularly described as follows:

"Two log cabins, located near office building at Koelzer's Duck Creek Cabins, near West Yellowstone, Montana.

"4. That while in one said cabin, closest to the manager's office, the informant actually observed large quantities of marijuana, packaged in individual plastic bags, and said informant was told the other cabin contained LSD, a dangerous drug.

"5. That said informant has given Officer Taylor a sample of this quantity of marijuana which was purchased by the informant from the occupants of the cabins.

Officer Taylor has examined the substance and found it to be marijuana, a dangerous drug under Montana law.

"6. That Officer Taylor has used the informant on different occasions and found the information then given to be accurate.

"7. Based upon the foregoing information, Officer Taylor reasonably believes the cabins described above will contain quantities of marijuana and LSD, dangerous drugs under Montana law, and requests a search warrant issued according to law."

Justice of the Peace Schmall issued the following search warrant:

"TO THE STATE OF MONTANA, TO ANY SHERIFF OR CONSTABLE OR ANY POLICEMAN OF ANY TOWN WITHIN THE STATE OF MONTANA:

"Affidavit on oath, having been this day made before me by Doug Taylor, a policeman for the City of Bozeman, Montana, setting forth that the defendant, JOHN DOE, is believed to have in his possession the following:

"a quantity of LSD and a quantity of marijuana, in two cabins located near the Duck Creek 'Y', near West Yellowstone, Montana, near the office building at Koelzer's Duck Creek cabins, or concealed on his person.

"YOU ARE THEREFORE COMMANDED, forthwith and within ten days from the issuing date of this warrant, at any time of day or night to make immediate search on the above-described cabins and on the person of John Doe for:

"A quantity of LSD, a dangerous drug, and A quantity of marijuana, a dangerous drug

"and if you can find the same, or any part thereof, you are forthwith to bring it before me with your return endorsed thereon.

"DATED this 21st day of July, A.D., 1972."

Appellant's cabin was one of four cabins located near the "Y" in the Duck Creek road in rural Gallatin County, Montana. The nearest community to the cabins is West Yellowstone, Montana. The four cabins are log buildings, one of which is used as the office building and landlord's residence. The other three cabins are rental units. One of the rental cabins is located forty yards from the office building. The next rental cabin, the one which appellant rented, is located seventy-five yards from the

office building. The remaining rental cabin is located one hundred twenty-five yards by the road, or one hundred yards by a direct line, from the office building.

Appellant moved to suppress the evidence seized on the basis of an unconstitutional issuance of the search warrant. The motion was denied and trial was held in the district court without a jury on December 15, 1972. Appellant was convicted of the misdemeanor of possessing a dangerous drug, less than 60 grams of marijuana.

Appellant presents three issues for review:

1. Whether the search warrant constitutes a general search warrant?

2. Whether there was a sufficient demonstration of the reliability or credibility of the undisclosed informant?

3. Whether the information in the application for the search warrant was sufficient for a finding of probable cause by the justice of the peace?

In his first issue appellant contends the search warrant was defective in that it did not specify the precise place to be searched with the degree of identity required by law; thus it was a general warrant and, therefore, void. The state contends that the test which should be applied is: whether the description of the property to be searched was sufficient to enable the officer armed with the search warrant to ascertain and identify with reasonable effort the place to be searched.

Both the federal and Montana constitutions require that a search warrant particularly describe the place to be searched. Regarding the Montana constitutional provision in Article III, § 7, Montana Constitution of 1889 (Article II, § 11, Montana Constitution of 1972), this Court in State ex rel. King v. District Court, 70 Mont. 191, 197, 198, 224 P. 862, said:

> "It is provided expressly that no warrant to search
> any place or seize any person or thing shall issue
> without describing the place to be searched or the
> person or thing to be seized. We do not overlook
> the fact that in our section 7, supra, the word

"particularly' which appears in the fourth amendment before the words 'describing the place to be searched' is omitted; but we do not regard the omission as important. The meaning is the same. The warrant must designate the premises to be searched and contain a description so specific and accurate as to avoid any unnecessary or unauthorized invasion of the right of privacy. To this end it should identify the property in such manner as to leave to the officer no discretion as to the premises to be searched." (Emphasis added)

Section 95-704, R.C.M. 1947, provides the grounds for a search warrant:

"Any judge may issue a search warrant upon the written application of any person that an offense has been committed, made under oath or affirmation before him which:

"(a) States facts sufficient to show probable cause for issuance of the warrant,

"(b) Particularly describes the place or things to be searched, and

"(c) Particularly describes the things to be seized."

Section 95-703, R.C.M. 1947, defines a search warrant:

"A search warrant is an order in writing, in the name of the state, signed by a judge, particularly describing the thing or place to be searched and the instruments, articles or things to be seized, directed to a peace officer, commanding him to search for personal property and bring it before the judge."

This Court in prior cases has established a sufficient description of the place or thing to be searched which meets the requirement of particularity.

In State v. Quigg, 155 Mont. 119, 133, 467 P.2d 692, the Court upheld the validity of the search warrant and as to the particularity of the place to be searched, we noted that the exact address was given in the warrant. Further, the particularity about the location of the premises to be searched was not questionable, despite the fact that the name of the city was not set forth in the search warrant.

In State v. Meidenger, _____ Mont. _____, 502 P.2d 58, 29 St. Rep. 861, 866, The Court found that a search warrant describing the thing to be searched as "'a 1969 blue one-half ton Chevrolet pickup, Montana license number 2T-5275' that is located in Custer

- 5 -

County garage in the City of Miles City, County of Custer, State of Montana." met the requirement of particularity.

In both cited cases there can be no question as to the description of the place and thing to be searched. However, in the instant case the search warrant directed a search of "two cabins located near the Duck Creek 'Y' * * * near the office building at Koelzer's Duck Creek cabins". There were in fact three cabins in the area of the office building. The search warrant was issued to search two separate residences which were occupied by two different groups of people but without the particularity which is required.

Here, we find the search warrant invalid for the reason that it did not contain the particular description of the property to be searched required by the Constitution and the statute. Since the search warrant was invalid, the seizure of the drugs pursuant to section 95-701, R.C.M. 1947, was invalid.

Appellant's remaining issues need not be resolved at this time because of our finding as to the lack of particularity of description.

The conviction is reversed and the cause remanded to the district court with directions to suppress the illegally seized evidence.

Hon. Alfred B. Coate, district judge, sitting for Justice John Conway Harrison.

We Concur:

Chief Justice

Justices.

- 6 -