No. 98-644

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 290

297 Mont.60

990 P.2d 180

STATE OF MONTANA,

Plaintiff and Respondent,

v.

DEAN SEADER,

Defendant and Appellant.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

The Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Vernon E. Woodward, Lance G. Lundvall, Attorneys at Law,

Billings, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Jennifer Anders,

Assistant Attorney General; Helena, Montana

Dennis Paxinos, Yellowstone County Attorney; Shawn Cosgrove,

Deputy Yellowstone County Attorney, Billings, Montana

_____

Submitted on Briefs: August 26, 1999

Decided: November 30, 1999

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

1. ¶ Dean Seader (Seader) pled guilty to one count of felony theft after the District Court for the Thirteenth Judicial District, Yellowstone County, denied Seader's motion to suppress evidence of a stolen all-terrain vehicle (ATV) obtained in a search of his van. In pleading guilty, Seader reserved the right to appeal the District Court's ruling on his motion to suppress. Seader now appeals the denial of his motion to suppress.

2. ¶ We reverse and remand.

No

Issues

3. ¶ Assuming, without so holding, that the search warrant for Seader's van was supported by probable cause, the sole issue on appeal is whether the portion of the search warrant authorizing the seizure of "anything else of value furnished or intended to be furnished in the exchange for the evidence or contraband relating to the use, sale or manufacture of dangerous drugs" rendered the search warrant overbroad.

Standard of Review

4. ¶ The standard of review of a district court's denial of a motion to suppress is whether the court's interpretation and application of the law is correct. State v. Hubbel (1997), 286 Mont. 200, 207, 951 P.2d 971, 975 (citation omitted). We review a district court's legal conclusion on whether or not a search warrant is overbroad *de novo. See, e.g.,* United States v. Spilotro (9th Cir. 1986), 800 F.2d 959, 963.

Factual and Procedural Background

5. ¶ On August 23, 1997, a clerk from a motel in Billings, Montana telephoned the Billings Police Department to report possible drug-related activity involving a van parked in the motel parking lot. The clerk said that two housekeepers had informed her that they observed a male removing a panel from behind the van's front seat and taking out some baggies of what the housekeepers suspected might be drugs. The housekeepers then reportedly saw the individual placing a suitcase in the compartment and reattaching the panel with an electric drill.

6. ¶ Several Billings police officers proceeded to the motel and one of them spoke to the clerk. The officers located Seader's van by its license plate number, but did not locate Seader on the motel premises. The officers then called an officer and his K-9 to the motel to perform a "dog sniff" of Seader's van. The dog alerted on Seader's van and the officers impounded the vehicle.

7. ¶ Approximately two weeks later, a Billings police officer applied for a warrant to search Seader's van. The search warrant application stated that the police had probable cause to believe the offense of Criminal Possession of Dangerous Drugs had been committed and that drugs and drug-related evidence would be found in Seader's van. A search warrant was subsequently issued. The warrant in part

authorized the seizure of "proceeds of drug sales whether in monies, precious metals, property or anything else of value furnished or intended to be furnished in the exchange for the evidence or contraband relating to the use, sale or manufacture of dangerous drugs."

8. ¶ Several officers of the Billings Police Department executed the search warrant. The search yielded three documents, one baggie with powder residue, four rolls of 3" x 3" plastic bags, and a nailer. The officers also discovered an ATV covered with a tarpaulin. They removed the ATV from Seader's van to check its Vehicle Identification Number (VIN), discovered the ATV had been stolen, and seized it. Seader was charged with felony theft by information.

9. ¶ Seader entered a plea of not guilty and moved to suppress the evidence of the stolen ATV. The District Court denied Seader's motion following a hearing. Seader then pled guilty to the charge of felony theft pursuant to a plea agreement, reserving the right to appeal the denial of his motion to suppress. The District Court accepted the plea agreement and imposed a three-year deferred sentence.

## Discussion

10. ¶ Did the portion of the search warrant authorizing the seizure of "anything else of value furnished or intended to be furnished in the exchange for the evidence or contraband relating to the use, sale or manufacture of dangerous drugs" render the search warrant overbroad?

11. ¶ The Fourth Amendment to the United States Constitution and Article II, Section 11 of the Montana Constitution require in part that a search warrant particularly describe the items it authorizes to be seized. Additionally, § 46-5-221(4), MCA, states in relevant part that "[a] judge shall issue a search warrant to a person upon application . . . made under oath or affirmation, that . . . particularly describes who or what is to be seized." This requirement of particularity serves to prevent a "general, exploratory rummaging in a person's belongings." Coolidge v. New Hampshire (1971), 403 U.S. 443, 467, 91 S.Ct. 2022, 2038, 29 L.Ed.2d 564, 583. " 'As to what is to be taken, nothing is left to the discretion of the officer executing the warrant.' " Stanford v. Texas (1965), 379 U.S. 476, 485, 85 S.Ct. 506, 511, 13 L. Ed.2d 431, 437 (quoting Marron v. United States (1927), 275 U.S. 192, 196, 48 S. Ct. 74, 76, 72 L.Ed. 231, 237).

12. ¶ Observers have frequently remarked that the passage from *Marron* cannot be read literally because few warrants would survive such a stringent rule. *See, e.g.,* State v. Perrone (Wash. 1992), 834 P.2d 611, 615. *See also* 2 Wayne R. LaFave, Search and

Seizure: A Treatise on the Fourth Amendment, § 4.6(a) (3d ed. 1996). In *Perrone*, the court found that "the warrant must enable the searcher to reasonably ascertain and identify the things which are authorized to be searched." 834 P.2d at 615 (citations omitted). "The common theme of all descriptions of the particularity standard is that the warrant must allow the executing officer to distinguish between items that may and may not be seized." United States v. Leary (10th Cir. 1988), 846 F.2d 592, 600 n. 12.

13. ¶ The specificity required of a search warrant may vary depending on the circumstances of the case and the type of items involved. Generic categories or general descriptions of items are not necessarily invalid if a more precise description of the items to be seized is not possible. *See* United States v. Spilotro (9th Cir. 1986), 800 F.2d 959, 963 (citations omitted); *Perrone*, 834 P.2d at 616 (citations omitted).

14. ¶ In the present case, the District Court found that the search warrant for Seader's van was not overbroad. The court found that describing this search warrant as overbroad would be "elevating form over substance" and hypertechnical. We disagree. The warrant gave the officers unbridled discretion to engage in precisely what the particularity requirement seeks to prevent--a general, exploratory rummaging in Seader's belongings. Everything was left to the officers' discretion. The following colloquy transpired at the hearing on Seader's motion to suppress between Seader's counsel and one of the officers who executed the warrant:

Q. Can you conceive of anything which would not be covered by that?

A. You mean "anything of value?"

Q. Yeah. Can you conceive of anything which wouldn't be covered by that language?

A. Not really, no.

This warrant gave the executing officers no guidance in distinguishing between items that could and could not be seized, as amply illustrated by their seizure of an ATV under a search warrant setting forth probable cause for the offense of criminal possession of dangerous drugs.

¶15 While a general description of items subject to seizure may be valid under some circumstances, the State's position that the nature of this case prohibited a more specific description of items subject to seizure is untenable. The objectionable language in this warrant authorizing the seizure of "anything else of value . . ." is not a generic category or general description, but a catchall phrase that encompasses everything conceivable. The State argues that the nature of the offense involves the exchange of money or other items of value and that it would be impossible for law enforcement officers to know the precise identity of such items. We note however that Seader was not suspected of committing the offense of criminal distribution of drugs or criminal possession with intent to distribute nor did the search warrant application contain any information that Seader was a suspected drug dealer. We do not accept the State's proposition that probable cause for the offense of possession of drugs justifies a search for "anything of value furnished or intended to be furnished in the exchange for the evidence of contraband relating to the use, sale or manufacture of dangerous drugs." We refuse to compromise Fourth Amendment rights and those guaranteed by Article II, Section 11 of the Montana Constitution for the sake of efficient law enforcement in drug investigations.

¶16 We conclude that the search warrant for Seader's van was not sufficiently particular with respect to the items subject to seizure to meet the requirement of particularity under the United States and the Montana Constitutions. The phrase "anything else of value" rendered the warrant facially overbroad and all evidence seized pursuant to it was inadmissible and should have been suppressed.

¶17 Seader further argues that the seizure of the ATV was not authorized under the plain view exception to the warrant requirement. We do not reach this issue because the State does not rely on the plain view doctrine and, in fact, agrees with Seader that it is not applicable to these facts.

¶18 We reverse and remand for proceedings consistent with this opinion.

/S/ W. WILLIAM LEAPHART

No

We concur:

/S/ J. A. TURNAGE

/S/ KARLA M. GRAY

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER